

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4826
Re: Whether the cost of making a
survey of land sold at tax
sale may be paid out of the
proceeds of said sale

We have your request for opinion on the above subject. The facts relating to your question are contained in the affidavit of J. B. Toliver, Sheriff - Tax Assessor - Collector of Hudspeth County, which reads as follows:

"By virtue of a certain order of sale issued out of the District Court of Hudspeth County on a certain judgment taken in favor of the State of Texas on certain sections of land in Tex-Mex Ry. Block 3, situated in Hudspeth County, I levied upon and advertised for sale the sections as set out in the said Order of Sale, whereafter I discovered that certain of the sections in said order of Sale were in conflict with superior surveys in a T & P Ry. Block.

"In order to determine the exact acreage in each of the sections called for in the order of sale, I contracted with J. W. Carter, State Licensed Land Surveyor, to survey and platt said land. Survey has been made and platts filed with this office and the General Land Office, Austin, Texas. The contract price of said survey was $238.50 which has been paid by me to said J. W. Carter.

"The total amount of taxes collected under the order of sale, as determined under the corrected acreage, was $1565.09, and the amount of State Tax was $371.02 or .2371% of the total. The States' portion of the cost of survey would be .2371% of $238.50 or $56.55, which amount has been with-held from remittance to the state Treasurer on the June report."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

We have examined the certified copies of the tax judgment and order of sale in this case, which you submitted with your letter, and no authorization can be found therein for making this survey.

The procedure for tax suit, and sale thereunder, is provided by Chapter 10, Title 122 (Art. 7319-7345 incl.) Revised Civil Statutes of Texas 1925. Nowhere in said chapter nor elsewhere in the Statutes of Texas have we been able to find any provision which authorizes either the sheriff or the tax assessor - collector to employ a surveyor to survey and plat land sold by tax deed, nor do we find any provision authorizing the deduction of the expenses of any such survey from the proceeds of the tax sale.

Article 7331 prescribes the fees of the tax collector in such cases and Article 7332 provides for the fees to be paid to the county or district attorney, the sheriff or constable and the district clerk. No provision is made for fees to the county surveyor or any other surveyor in case of land sold by tax deed. Article 7311 makes provision for survey by the county surveyor of land to be sold for taxes by summary sale and it is to be noted that said article provides that "said survey to be made at the expense of the purchaser" which clearly precludes the possibility of the surveyors' fees in such cases being deducted from the proceeds of the sale of the land. We cite said Article 7311 as persuasive to indicate a legislative intent that the cost of surveys upon tax sales are to be borne by the purchaser of the land and may not be paid out of the proceeds of said sale.

That the tax assessor - collector must pay into the State and County Treasuries all moneys collected by him, except such items as he is expressly authorized by statute to pay, was declared by the Circuit Court of Appeals, 5th Circuit in Citizens National Bank, Waco, Texas v. Fidelity and Deposit Company of Maryland (1941), 117 Fed. (2d) 852.

In Texas Land and Cattle Company v. Hemphill County 61 S. W. 333 (1901) the court in defining the duty of the tax collector stated on page 334:

". . .After the collection, the collector is required by the law under penalty, to make collection and promptly report and remit all taxes collected by him to the State and County Treasurers in full without excepting cases in which suits, however promptly filed, may be instituted for the recovery thereof."

It is our opinion that the deduction of $56.55 made by the Honorable J. B. Toliver, Sheriff and Tax Assessor - Collector of Hudspeth County, from the State's portion of the proceeds of the tax sale was without statutory authority and cannot be allowed.

We are not passing upon the validity of the tax sale involved herein for an amount less than the amount of the tax judgment.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Walter R. Koch
Assistant

WRK/po

APPROVED OCT 27, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS





APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN